STATE OF LOUISIANA

VERSUS

DANIEL CALI

NO. 22-K-372

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

_____August 17, 2022_____

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 18-2768

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

**WRIT GRANTED**

The State seeks review of the trial court judgment dated May 12, 2022 granting the defendant's "Notice of 404B/412.4, Alleged Victim's Prior Acts Evidence," which rendered its "Motion in Limine Regarding Admissibility of Character Evidence of Witnesses" moot. For the reasons that follow, we grant this writ application.

The defendant is charged with Domestic Abuse Battery in violation of La. R.S. 14:35.3, stemming from an incident that occurred on May 11, 2018, when the victim went to the defendant's residence to retrieve her belongings. The defendant filed a motion pursuant to La. C.E. art 404B to introduce evidence that the victim "has the habit of drinking alcohol every day, all day and night. She becomes argumentative, unstable and loses self-control, both in person and via phone and text messages, harassing and threatening" the defendant. In granting the defendant's motion, the trial court stated that the "prior actions and interactions with each other are absolutely relevant and it meets 404(B) for other crimes, wrongs or acts that are admissible…"

The defendant's right to present a defense is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution. This right, however, does not necessitate that a trial court allow the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. State v. Lirette, 11-1167 (La. App. 5 Cir. 6/28/12), 102 So.3d 801, 813.

While La. C.E. art. 607(D)(2) allows "extrinsic evidence … offered solely to attack the credibility of a witness," the trial court is required to determine whether "the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice." State v. Juniors, 03-2425 (La. 6/29/05), 915 So.2d 291, 330. The extrinsic evidence sought to be used is also subject to the limitation of La. C.E. art. 608(B), which provides:

> Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.

In State v. Jackson, 00-1573 (La. 12/7/01), 800 So. 2d 854, 856, the Louisiana Supreme Court held that the trial court "correctly permitted defense counsel to question the victim as to any drug use at the time of the offense, a matter about which counsel could have introduced extrinsic evidence to show the victim's lack of capacity to give an accurate and reliable account of the incident." The Court went on to find: "[A]s to counsel's broader inquiry into the victim's general use of drugs, in most cases, 'evidence of habitual intemperance ... bears little relevance to the credibility of the witness and falls within the proscription ... against impeachment of the general credibility through particular acts and vices.'" Id.

Likewise, in the instant matter, while the defendant may put on evidence regarding the victim's alleged intoxication at the time of the incident that forms the basis of this charge against the defendant or her alleged intoxication at the time of other admissible incidents between the victim and the defendant, evidence that the victim allegedly has a history of drinking excessively is not admissible.

For the foregoing reasons, this writ application is granted and the portion of the trial court judgment allowing evidence of the victim's alleged intoxication and/or excessive consumption of alcohol at any time other than at the time of the incident forming the basis of the charges against the defendant or any other admissible incidents between the victim and the defendant is reversed.

Gretna, Louisiana, this 17th day of August, 2022.

**JJM**
**MEJ**
**JBD**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/17/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-372**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Thomas J. Butler (Relator)                    Richard H. Barker, IV (Respondent)
                                              Darren A. Allemand (Relator)

### MAILED

Honorable Paul D. Connick, Jr. (Relator)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053